IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL DROZ, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | NO.  08-2441 |
| FRANKLIN J. TENNIS, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : : : | |
| Respondents. | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 8th day of January, 2009, upon consideration of petitioner's Motion to Vacate Judgment Under Rule 60(b) (Document No. 1, filed May 27, 2008), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Document No. 8, filed November 25, 2008), petitioner's Objection to Report and Recommendation (Document No. 11, filed December 24, 2008), and the record in this case, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated November 25, 2008 is **APPROVED AND ADOPTED**;

2. Petitioner's Objection to Report and Recommendation is **OVERRULED**;

3. Motion to Vacate Judgment Under Rule 60(b) filed by petitioner, Rafael Droz, is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of

constitutional rights or this Court's procedural rulings with respect to petitioner's claims.  See 28 U.S.C. § 2253(c)(2): <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

**M E M O R A N D U M**

The Court approves and adopts the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated November 25, 2008.  This Memorandum addresses only the issues presented by the petitioner's Objection and amplifies what is set forth in the Report and Recommendation on such issues.

Petitioner's Motion requested relief under Rule 60(b)(1)–(3) and (6).  (Pet'r's Reply to Commonwealth's Resp. to Pet'r's Request for Relief 1 (Doc. No. 7, filed Oct. 27, 2008).)  The Report and Recommendation recommended that petitioner's Rule 60(b) motion be denied as time barred.  That issue is addressed in detail in the Report and Recommendation, and this Court agrees with what is said in that document about the time bar.  In short, motions under Rule 60(b)(1)–(3) must be filed within one year, and motions under the remaining provisions of Rule 60 must be "made within a reasonable time . . . ."  Fed. R. Civ. P. 60(c)(1).  Petitioner failed to file his Rule 60(b) motion within the applicable time periods.

The timeliness provision of Rule 60 is found is section (c)(1).  It provides:  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of proceeding."  Rule 60(c) does not discuss the effect of the filing of any appeals.  It merely provides that a motion requesting relief under Rule 60(b)(1)–(3) must be filed within a year "after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

The most cited case on the issue of timeliness of Rule 60(b) motions is <u>Moolenaar v. Government of Virgin Islands</u>, 822 F.2d 1342 (3d Cir. 1987).  The Third Circuit made it clear in that case that "[m]otions under Rule 60(b)(1)-(3) must be brought within one year of entry of a final judgment.  An appeal does not toll this time period."  <u>Id.</u> at 1346 n.5.

<u>Moolenar</u> did not involve a Rule 60(b) motion by a habeas petitioner.  However, district courts in the Third Circuit have consistently applied <u>Moolenar</u> in exactly such circumstances.  <u>See</u> <u>O'Neill v. Grace</u>, Nos. 06-2043 and 99-3762, 2007 WL 2188506, at *2 (E.D. Pa. July 27. 2007); <u>Dietsch vs. United States</u>, 2 F. Supp. 2d 627, 632 (D.N.J. 1998); <u>Harvey v. Zimmerman</u>, No. 88-3895, 1992 WL 301290, at *1 (E.D. Pa. Oct. 14, 1992).

Petitioner also argues in his Objection that he has demonstrated extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6).  (Pet'r's Objection ¶ 3 (Doc. No. 11, filed Dec. 24, 2008).)  For the reasons set forth in the Report and Recommendation, this Court rejects that argument.

Lastly, petitioner states in his Objection that, under <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), his case presents a procedural challenge to the ruling of the order of this Court denying his Motion for Writ of Habeas Corpus and thus cannot be consider a second or successive habeas petition.  This Court agrees with that statement and does not dismiss the Rule 60(b) motion as an unauthorized second or successive habeas petition.

**BY THE COURT:**

/s/ Honorable Jan E. DuBois  
JAN E. DUBOIS, J.